Case 1:18-cv-01824-JRS-MJD   Document 1-1   Filed 06/14/18   Page 1 of 3 PageID #: 5
Case 1:11-cr-00155-SEB-TAB   Document 567   Filed 06/13/18   Page 1 of 3 PageID #: 4876
Case: 18-2134    Document: 00713233064    Filed: 06/12/2018    Pages: 3

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 21, 2018
Decided June 12, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-2134

| | |
|---|---|
| PHILLIP E. MANNEBACH,<br>*Applicant,*<br><br>*v.*<br><br>UNITED STATES OF AMERICA,<br>*Respondent.* | On Motion for an Order Authorizing the District Court to Entertain a Second or Successive Motion for Collateral Review. |

## ORDER

Phillip Mannebach applies under 28 U.S.C. §§ 2244(b) and 2255(h) for authorization to file a second collateral attack. We find that he has made a prima facie showing, *see id.* § 2244(b)(3)(C), that his challenge to a conviction for using a firearm during a crime of violence relies on a new and retroactive constitutional rule, *see id.* § 2255(h)(2). Thus, we grant authorization to file another § 2255 motion.

A jury found Mannebach guilty of three conspiracies: to distribute methamphetamine, 21 U.S.C. § 841; to interfere with interstate commerce by extortion (Hobbs Act extortion), 18 U.S.C. § 1951(b)(2); and to possess a firearm in furtherance of a crime of violence (i.e., in furtherance of the Hobbs Act extortion), *id.* § 924(c). He was sentenced to life imprisonment on the methamphetamine and extortion counts, plus a

Case 1:18-cv-01824-JRS-MJD Document 1-1 Filed 06/14/18 Page 2 of 3 PageID #: 6
Case 1:11-cr-00155-SEB-TAB Document 567 Filed 06/13/18 Page 2 of 3 PageID #: 4877
Case: 18-2134 Document: 00713233064 Filed: 06/12/2018 Pages: 3

No. 18-2134 Page 2

240-month term on the firearm count under § 924(c). On direct appeal, we affirmed. *United States v. Mannebach*, 551 F. App'x 283 (7th Cir. 2014).

Mannebach then filed a § 2255 motion that the district court denied. In that motion, Mannebach claimed that *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidated his life sentences (but apparently not his § 924(c) conviction and sentence). *Johnson* had struck down as unconstitutionally vague one of the Armed Career Criminal Act's definitions of "violent felony." The district court rejected this claim because Mannebach's life sentences were not based on the ACCA. No. 1:15-cv-01601-SEB-DML (S.D. Ind. June 5, 2017).

More recently, in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court invalidated 18 U.S.C. § 16(b) on vagueness grounds. One of § 924(c)(3)(B)'s definitions of a "crime of violence" mirrors § 16(b)'s: a felony that, by its "nature," involves a "substantial risk" that physical force will be used.

So Mannebach, citing *Dimaya*, seeks leave to file a new § 2255 motion raising a vagueness challenge to his § 924(c) conviction for conspiring to possess a gun in furtherance of a crime of violence—here, Hobbs Act extortion.

We would deny Mannebach's request if we were sure that the Supreme Court has not made *Dimaya* retroactive to cases on collateral review, or that *Dimaya*'s rule is limited to § 16(b) cases. But the Supreme Court has suggested that new substantive rules (which *Dimaya*'s rule seems to be) tend to be automatically retroactive. *See generally Welch v. United States*, 136 S. Ct. 1257 (2016). Meanwhile, we have presumed that the Supreme Court's vagueness holdings typically extend across the United States Code to cover various statutes with similar language. *See generally Cross v. United States*, Nos. 17-2282 & 17-2724, slip op. (7th Cir. June 7, 2018) (extending *Johnson* to mandatory sentencing guidelines); *see also United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) (extending *Johnson* to § 924(c)(3)(B)), *cert. denied*, 138 S. Ct. 247 (2017).

By the same token, we would deny leave if we knew for sure that Hobbs Act extortion categorically counts as a crime of violence under § 924(c)(3)(A), even without resort to § 924(c)(3)(B). Subsection (A) defines "crime of violence" to include a felony that "has as an element the use, attempted use, or threatened use of physical force" against people or property. And we have held that Hobbs Act *robbery* meets subsection (A)'s definition of a crime of violence. *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1603 (2018). Hobbs Act robbery requires a nonconsensual

Case 1:18-cv-01824-JRS-MJD   Document 1-1   Filed 06/14/18   Page 3 of 3 PageID #: 7
Case 1:11-cr-00155-SEB-TAB   Document 567   Filed 06/13/18   Page 3 of 3 PageID #: 4878
       Case: 18-2134      Document: 00713233064           Filed: 06/12/2018      Pages: 3

No. 18-2134                                                                        Page 3

taking by means of actual or threatened force, violence, or fear "of injury" to a person or property. 18 U.S.C. § 1951(b)(1). *United States v. Rivera*, 847 F.3d 847, 848-49 (7th Cir.), *cert. denied*, 137 S. Ct. 2228 (2017).

Yet Hobbs Act *extortion* under § 1951(b)(2) looks broader than that. It covers "obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." The statute does not specify that the "fear" involved must be a fear "of injury." So, for instance, in *Stirone v. United States*, 361 U.S. 212 (1960), the Supreme Court took for granted that Hobbs Act extortion may cover threats of "labor disputes" or other potentially nonviolent disruptions to a business's supply chain (although the Court ended up reversing the conviction there on other grounds). And regardless of whether Mannebach's underlying conduct was violent, our circuit applies an abstract categorical approach, focused on statutory elements rather than on case-specific facts, to decide whether a given conviction is for a crime of violence. *See Cardena*, 842 F.3d at 996.

In Mannebach's new § 2255 case, the district court will be free to explore these issues in greater depth. And it may wish to explore others—for instance, whether Mannebach's challenge is timely under § 2255(f)(3) because the right he invokes was "initially recognized" in *Dimaya*, or instead *un*timely because the relevant right was recognized by *Johnson* in 2015. *Cf. Cross*, Nos. 17-2282 & 17-2724, slip op. at 7-8 (one-year limitation period for challenging mandatory career-offender guideline runs from date of *Johnson*). The district court also may examine whether § 1951(b)(2)'s list of ways a person can commit extortion actually defines several distinct crimes, or is instead an assortment of means of committing one indivisible crime of extortion. And the government may raise any procedural or merits-based arguments that we have not anticipated.

Accordingly, we **GRANT** the application for leave to file a successive § 2255 motion. The papers filed in this case shall be transmitted to the district court.

CERTIFIED COPY
A True Copy
Teste:
_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit