Case 1:18-cv-01824-JRS-MJD   Document 2   Filed 06/14/18   Page 1 of 3 PageID #: 8

Case 1:11-cr-00155-SEB-TAB   Document 567-2   Filed 06/13/18   Page 1 of 3 PageID #: 4883
Case: 18-2134      Document: 00713233065         Filed: 06/12/2018      Pages: 7

IN THE UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

**FILED**

JUN 1 4 2018

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

IN RE PHILLIP E. MANNEBACH,

PETITIONER                          1:18-cv-1824-SEB-MJD

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION

FOR LEAVE TO FILE SECOND OR SUCCESSIVE PETITION UNDER 28

U.S.C. 2255

      COMES NOW Phillip E. Mannebach, pro se, and seeks

leave to file a second or successive 28 U.S.C. 2255 motion

pursuant to 28 U.S.C. 2244, and for appointment of counsel

pursuant to 18 U.S.C. 3006A.

I. Petitioners Conviction Under 18 U.S.C. 924(c) is legally

void

      Authorization to file a second or successive motion to

vacate may be granted where a new claim is based on a new rule

of constitutional law made retroactive by the Supreme Court.

See: 28 U.S.C. 2255(h)(2). Under the decision in Dimaya v.

Lynch, No. 15-1498 (2018) the plaintiff is entitled to relief

as his sentence and conviction under 924(c) are

unconstitutional. This legal conclusion has already been

reached by one circuit and is under review by many others.

See: United States v. Salas, No. 16-2170 (10th Cir. May 4,

2018). Furthermore, with the decision of the courts in Johnson

v. United States, 135 S.Ct. 2551 (2015) and Dimaya, the

petitioners conviction is unconstitutional under a new rule of law decided by the Supreme Court.

Title 18, U.S.C. 924(c) criminalizes using or carrying a firearm in relation to a "crime of violence" and imposes mandatory, consecutive minimum sentences. An offense may qualify as a crim of violence under either of two clauses. Section 924(c)(3)(A), the statute's "force clause", covers a felony "that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 924(c)(3)(B), the "residual clause" encompasses any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In this case, the petitioner was charged with, inter alia, the commission of Hobbs Act conspiracy in connection with the gun charges. In the past, courts often relied on the residual clause in sentencing criminal defendants because there is more leeway in the standard: a predicate crime merely needs to involve a "substantial risk" of "physical force" being used against someone, and it qualifies. But this clause's nebulous nature raises serious due process concerns because it is difficult to discern when a predicate crime will qualify.

The Supreme Court addressed this very problem in Johnson and Dimaya. Dimaya's analysis of the INA applies with equal force to 924(c)'s identically-worded residual clause, and there is no reason legally to think otherwise. With the

residual clause out of commission, the Hobbs Act conspiracy is unconstitutional. See: United States v. Ebron, No. 12-cr-00072 -APG (D.Nev. 2017)(holding 924(c) unconstitutional under Dimaya and vacating Hobbs Act and 924(c) convictions).

WHEREFORE based upon the aforegoing, this court should grant leave to file a second or successive 28 U.S.C. 2255 petition in the district court.

*Phillip Mannebach*

Phillip Mannebach

#06326-040

United States Penitentiary

PO Box 24550

Tucson AZ 85734

Petitioner