To: Sara J. Varner

Indiana Community Defender's Office



From: Phillip E. Mannebach

1:18-cv-1824-JEB-MJD

Re: Second/Successive 2255

    I am writing you this letter (with a copy to the court as well) to clearly state that I wish for the following claims to be included in my 2255 motion, in addition to any claims which you may seek to pursue in your professional judgment. If you disagree with the pursuit of any of these claims please indicate so in writing directly to me explaining such.

1. 18 USC 924(c) is unconstitutional as it is void-for-vagueness. This claim is predicated on the decision of the United States Supreme Court in Sessions v. Dimaya, 138 S.Ct. 1204 (2018) for the reasons clearly outlined by the Tenth Circuit in its subsequent decision in United States v. Salas, 889 F.3d 681, 686 (10th Cir. 2018).

2. Similarly, based upon the reasoning outlined in the aforegoing claim I believe that the statute for Hobbs Act extortion is equally unconstitutionally void-for-vagueness.

3. The Government failed to sufficiently allege interstate commerce was affected as required by Section 1951(c). I would rely upon United States v. Lopez, 514 U.S. 549 (1995) for the contention that the repossession of my own property, from

Johnny Jones, occurring within the boundaries of the state of Indiana, in which no person or property travelled in interstate commerce from the time periods beginning and ending in the indictment, are unconstitutional as applied.

4. The Government violated the constitution by presenting to the jury testimony which it knew to be perjury. The witness, Johnny Jones repeatedly recanted his original statement and admitted that he had fabricated the entire factual basis which forms the foundation of the gun, extortion and methamphetamine counts. Suborning perjury violates the due process clause of the 5th Amendment. United States v. Holt, 460 F.3d 934, 938 (7th Cir. 2006) and United States v. Balzano, 916 F.2d 1273, 1291 (7th Cir. 1990) support the contention that when a prosecutor intimidates a witness into recanting previous recantations, the constitutional rights of the defendant are violated.

5. The Hobbs Act conviction has been ruled similarly unconstitutional in United States v. Meza, No. 11-cr-133 (D.Montana 2018)(holding Congress uses the identical phrase, "crime of violence," elsewhere in Title 18, U.S.C. Sec. 16. It uses a similar phrase "violent felony" elsewhere in Sec. 924 at subsection 924(e)(2)(B). As to both...courts use a "categorical approach" to decide whether a given crime fits Congress' definition. This approach looks "only to the statutory definitions" of the crime. See: Taylor v. United States, 495 U.S. 575, 600 (1990)).

6. The indictment is defective as written because a criminal indictment which is defective as to certain counts prohibits trial on other counts under the 5th and 6th amendments. See: Bretz v. Crist, 546 F.2d 1336 (9th Cir. 1976), affirmed 437 U.S. 28 (1978).

7. The jury instructions relating to the methamphetamine conspiracy are defective as the adequacy of the instructions so tainted the jury's deliberative tools that a reviewing court could not say the verdict would probably have been same had error not been made, counsel was ineffective on direct appeal for failing to challenge this. See, e.g.: United States v. Douglas, 818 F.2d 1317 (7th Cir. 1987).

8. In failing to take into account my incarceration, and thus my inability to participate in an ongoing drug conspiracy, the conspiracy was completed upon my incarceration because where as here the Governments conspiracy allegation contemplates continuity of purpose and continues performance of acts, it is presumed to exist until there has been affirmative showing that it has terminated, and its members continue to be conspirators until there has been affirmative showing that they have withdrawn, at a minimum my incarceration was affirmative showing that I was withdrawn from any conspiracy. See: United States v. Mayes, 512 F.2d 637 (6th Cir. 1975); United States v. Calderon, 169 F.3d 718 (11th Cir. 1999).

So, based upon the grounds presented in this letter and following your review of the record I would like for you to

address each of the 8 claims raised herein. Thank you for your time, assistance and cooperation.


Sincerely,

*[signature]*

Phillip Mannebach