UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILLIP E MANNEBACH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:18-cv-01824-SEB-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Granting Motion for Relief Pursuant to 28 U.S.C. § 2255**

For the reasons explained in this Entry, the motion of Phillip Mannebach for relief pursuant to 28 U.S.C. § 2255 must be GRANTED.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual and Procedural Background

In 2011, Mannebach was charged with one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); one count of conspiracy to obtain proceeds from methamphetamine trafficking activity through force, in violation of 18 U.S.C. § 1951 (Count 5); and one count of conspiracy to possess a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 6). *United States v. Mannebach*, 1:11-cr-155-SEB-TAB-7 ("Cr. Dkt."), dkt. 77. The § 924(c) offense in Count 6 was based on the § 1951 offense in Count 5. *Id.*

In 2012, the United States filed an Information pursuant to 21 U.S.C. § 851, alleging Mannebach had prior felony convictions that enhanced the statutory maximum term of imprisonment for Counts 1 and 5. Cr. Dkt. 352. Mannebach was found guilty of all three counts by a jury. Cr. Dkt. 389. Based on his prior drug convictions, he was sentenced to life for Counts 2 and 5. Cr. Dkt. 462. He was sentenced to 240 months for Count 6. *Id.*

Mannebach appealed, and the Seventh Circuit affirmed. *United States v. Mannebach*, 551 Fed. Appx. 283 (7th Cir. 2014). Mannebach then filed a motion for relief under 28 U.S.C. § 2255. Cr. Dkt. 536. That motion was denied on the merits on June 5, 2017. *Mannebach v. United States*, 1:15-cv-1601-SEB-DML. On June 13, 2018, the Seventh Circuit granted Mannebach authorization to file this successive § 2255 motion. Cr. Dkt. 567.

## III. Discussion

Mannebach seeks relief under § 2255 arguing that that his conviction under 18 U.S.C. § 924(c) for possessing a firearm in furtherance of a crime of violence is unconstitutionally vague and therefore invalid.

The crime of violence at issue was conspiracy to obtain proceeds from methamphetamine

trafficking activity through force under 18 U.S.C. § 1951. Under Section 924(c)(3), a "crime of violence" is defined as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Supreme Court held in *United States v. Davis*, 139 S. Ct. 2319 (2019), that subsection (B) of this statute – the so-called residual clause – is unconstitutionally vague. Under *Davis* therefore, any § 924(c) conviction that relies on the residual clause is invalid. Mannebach argues that his conviction for Hobbs Act extortion is invalid because it triggers the residual clause.

The United States agrees that Mannebach's conviction for Hobbs Act extortion is invalid under *Davis*. But the United States argues that invalidating Mannebach's § 924(c)(3) conviction does not impact his sentence because he is serving two life sentences. Mannebach is serving life sentences under Count 1 and Count 5 based on the enhancement filed under 21 U.S.C. § 851. That enhancement is based on his convictions for Indiana Dealing in a Schedule II Controlled Substance and Possession of Methamphetamine. Dkt. 352. Mannebach contends that, if he is resentenced, he could argue, under *United States v. De La Torre, et al.*, 940 F.3d 938 (7th Cir. 2019), that these convictions do not qualify as felony offenses supporting the life sentence.

Section 2255(b) provides that "[i]f the court finds that . . . the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  In other words, once the Court has found that Mannebach's sentence is invalid, it must "vacate and set the

judgment aside," then "resentence him . . . or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## IV.  Conclusion

For the reasons explained in this Order, Phillip Mannebach's motion for relief pursuant to 28 U.S.C. § 2255 is **granted**. Mannebach is entitled to resentencing. Final judgment vacating Mannebach's sentence in No. 1:11-cr-155-SEB-TAB-7 shall now enter. The motion to vacate in No. 1:11-cr-155-SEB-7, dkt. [568], is **granted** and the **clerk shall docket** this Order in No. 1:11-cr-155-SEB-7.

Mannebach's convictions remain intact. Mannebach shall remain in custody pending resentencing.

**IT IS SO ORDERED.**

Date:  12/21/2020

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com